

ROBERT H. O'CONNOR
3159 BAKER ST
SAN FRANCISCO, CA 94123

### US DISTRICT COURT OF NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT H. O'CONNOR, a man** ) | **CASE NO. CV 14 0180 JCS** |
| ) | |
| *Plaintiff* ) | **VERIFIED COMPLAINT FOR** |
| vs. ) | **DAMAGES** |
| **SABADELL UNITED BANK, N.A.;** ) | |
| *Defendant* ) | **JURY TRIAL DEMANDED** |
| _____ ) | |

**COMES NOW,** the Plaintiff **ROBERT H. O'CONNOR** complaining of the defendant(s) and each of them as follows;

### INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 USC§1681, Fair Debt Collection Practices Act, 15 USC§1692, Rosenthal Consumer Protection Act, and Defamation of Character respectively.

**I.**                               **THE PARTIES**

2. Plaintiff **"ROBERT H. O'CONNOR"** is now and at all times relevant to this action an American National. Plaintiff is a "consumer" as that term is defined within 15 USC§1692a(3).

3. Defendant "SABADELL UNITED BANK, N.A." ("Debt Collector") is a limited liability corporation formed under the laws of the state of **California**. It has a principle place of business located at 5901 Miami Lakes Dr. E, Miami Lakes, Fl.. Defendant SABADELL UNITED BANK, N.A. are "debt collectors' as that term is defined by 15 USC§1692a(6).

**II.** **JURIDICITION AND VENUE**

4. The US District Court of **CALIFORNIA** has jurisdiction pursuant to 15 USC§1692 *et,* al, and 15 USC§1681p *et,* al, and the court has jurisdiction over Plaintiffs tort state claims. Venue is proper as the Plaintiff currently resides in **CALIFORNIA.** Therefore venue is proper in the US District Court of **CALIFORNIA.**

**III.** **FACTUAL ALLEGATIONS**

5. Plaintiff brings this action regarding defendants and each of them continued to attempt to collect an alleged debt defendants claim is owed to them. However Plaintiff is without knowledge of the alleged debt defendants purport to claim is owed.

6. On or about April 25, 2013, Plaintiff received a dunning notice by defendant "SABADELL UNITED BANK, N.A." (*see,* attached "Exhibit A"). The dunning notice makes numerous claims by the defendant(s) to Plaintiff regarding an alleged loan, mortgage, and or Deed of Trust. Consequently, Plaintiff is without an specific knowledge and evidence that support defendant's claims and allegations.

7. On or about July 29, 2013 and again on December 12, 2013, in response to defendants dunning letters, Plaintiff served upon them Notice of Validation of Debt pursuant to 15 USC§1692, FDCPA. (*see,* attached "Exhibit B and C") The notice required the defendant "debt collector" to validate/verify their alleged debt pursuant to 15 USC§1692g

8. As of this date we have yet to receive a response from them

9. On December 28, 2013, Plaintiff obtained a copy of his consumer credit report from the three (3) major reporting credit bureaus Equifax, Experian, and Transunion. Plaintiff discovered defendant SABADELL UNITED BANK, N.A. is reporting this alleged debt to all three credit reporting agencies. Plaintiff on or

around December 30, 2013, immediately filed a dispute with the credit agencies pursuant to 15 USC§1681, the FRCA.   At the time of this filing erroneous information remains on my report.

10.   Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting by each of the defendant(s).

11.   The above-detailed conduct by each of the Defendants has more to do with their deceptive and illegal acts in their attempt to collect an alleged debt, as opposed to any determined legitimacy of their alleged debt.   The FDCPA, FCRA, and **CALIFORNIA** Consumer Protection Laws relates to the defendants even if they were collecting a legitimate debt.   Plaintiffs asserts for the record Plaintiff asserts neither defendants are creditors. Neither did either defendant provide any credit to Plaintiff.   Notwithstanding each of the defendants are "debt collectors pursuant to 15 USC§1692a(6).   Plaintiffs allege the FDCPA state in part;

The term "debt collector" means any person who uses any instrumentality of Interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or du or asserted to be owed or du another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**

For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

12.   Plaintiff therefore seeks damages as result of defendant's acts.

**IV.**                             **FIRST CAUSE OF ACTION**

## VIOLATION OF 15 U.S.C.§1681i FAIR CREDIT REPORTING ACT
### (DEFENDANT)

13.   Paragraph 1 – 13 are re-alleged as though fully set out herein.

14.   Plaintiff is "consumer" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

15.   Defendant is a "DEBT COLLECTOR" are credit furnishers" within the mean of the 15 U.S.C.§1681a(c). 15 U.S.C.§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his/her credit information history, FCRA, 15USC§1681s-2(a)(1)-(3). Plaintiff consumer credit report is a consumer report within the mean of 15 U.S. C.§1681a(d).

16.   The FCRA, 15 U.S.C 1681s-2(b) has obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher.   These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute' from the consumer pursuant to 15 U.S.C.§1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under 15 U.S.C.§1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

(1) to conduct "an investigation" with respect to the disputed

Information;
(2) to "review all relevant information" provided by the
Credit reporting agency;
(3) to "report the results of its investigation" back to the
credit reporting agency;
(4) if the investigation finds the existing information is
incomplete or inaccurate, to report back to  those results to
each of the consumer reporting agencies to who the
furnisher originally communicated information about the
consumer; and
(5) to "modify,....delete....or permanently block" the
Reporting of  any item of information found to be
Inaccurate after a reinvestigation.  15 U.S.C.§1681s-2(b)(1)

17.  In 15 U.S.C.§1681s-2(b) duties arise only after a furnisher receives notice of

dispute from a CRA.  Notice of a dispute to a furnisher by a consumer directly does

not trigger a furnisher's duty to reinvestigate under 15 U.S.C.§1681s-2(b).  The

consumer must dispute to a CRA, which, in turn, forwards the dispute furnisher.

This indirect "filtering" mechanism must be followed by a consumer to give rise to

a duty of investigation *under the FCRA* to the furnisher.  A furnisher need not honor

a dispute received directly from the consumer, whether oral or written, under the

FCRA Such a dispute, it should be noted, likely does create a legal obligation under

15 USC§1692g of the FDCPA which Plaintiff served upon defendant "SABADELL

UNITED BANK, N.A.".

18. Plaintiff notified Defendant DEBT COLLECTOR of its dispute by fax , and

defendant DEBT COLLECTOR  also received notice from the three major credit

reporting agencies Equifax, Experian, and Transunion.  Defendant "SABADELL

UNITED BANK, N.A." failed to delete information found to be inaccurate and

erroneous, and/or failed to property investigate the Plaintiff's disputes.

19. Plaintiff alleges that at all relevant times Defendant DEBT COLLECTOR failed

to maintain, and failed to follow reasonable procedures to assure maximum possible

accuracy of Plaintiff's credit report, concerning the accounts in question, violating

15 U.S.C.§1681 e(b).  Plaintiff alleges that Defendant "PDF" failed to conduct a proper and lawful reinvestigation.

20.    All action taken by the Defendant "DEBT COLLECTOR" and Equifax,  were done n malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or their actions were taken in violation of the FCRA and state law and/or they knew or should have known that their action were in reckless disregard of the FCRA and state law.  Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

21.    All of the  violations of the FCRA proximately caused the injuries and the damages to Plaintiffs as set forth in this Complaint.   The FCRA requires the following of the Defendant Equifax;

(1) Prompt Notice of Dispute to Furnisher of Information

(A) *In general.* Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1) the agency shall provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller.

(B) *Provision of other information.*  The consumer reporting agency Shall promptly provide to the person who provided the information in dispute That is received by the agency from consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A)

(2)    *Consideration of consumer information.* In conducting any reinvestigation under paragraph (1)(A) with respect to such disputed information.

(3)   Treatment of Inaccurate or Unverifiable Information

(A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

22. Plaintiff has been significantly harmed by defendant "SABADELL UNITED BANK, N.A." due to the erroneous reporting of the alleged debt. Due to defendants acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant negligent and noncompliant acts may have been direct violation of 15 USC§1681(n) and 15 USC §1681(o) respectively.

23. Therefore, Plaintiff demands judgment for damages against Defendant "DEBT COLLECTOR" for actual damages, punitive damages, and statutory damages of $1,000.00 attorney fees, and costs pursuant to 15 USC§1681(n) and 15 USC§1681(p).

V.                        **THIRD CAUSE OF ACTION**
                         **INVASION OF PRIVACY**
                              (DEFENDANT)

24. Paragraph 1 – 25 are re-alleged as though fully set out herein.

25. Defendant "SABADELL UNITED BANK, N.A." is a "debt collector" and a stranger to the Plaintiff. Plaintiff has no contractual relationship with defendant "SABADELL UNITED BANK, N.A." and has never applied for credit or services with the defendant.

26.  Plaintiff's right to privacy are also an enumerated Constitutional right, both in the State and Federal Constitution.   Plaintiff has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendant "DEBT COLLECTOR".   Importantly Plaintiffs are most concerned with the fact that Plaintiff "did not" provide their social security number to either defendant "DEBT COLLECTOR". Plaintiff support this assertion by the mere fact that no credit, application or services was applied nor received from the defendant "DEBT COLLECTOR".

27.  Plaintiff has a right to discovery, to determine where Defendant obtained their personal, private information from.  Specifically Plaintiff will investigate through discovery where defendant obtained Plaintiffs social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used.   Defendant DEBT COLLECTOR may also be guilty of identity theft under state and federal law.

28.  Therefore defendant "SABADELL UNITED BANK, N.A." is liable to Plaintiff for actual punitive, consequential, compensatory damages in an amount determine at trial or by the court.

VI.                           **FOURTH CAUSE OF ACTION**
           **NEGLIGENT, WANTON, AND/ORINTENTIONAL HIRING**
           **AND SUPERVISION OF INCOMPETENT EMPLOYEES OR**
           **AGENTS, AND**
                                (DEFENDANT)

29. Paragraph 1 – 61 are re-alleged as though fully set out herein.

30. Defendant  "SABADELL" was aware of their wrongful conduct in creating an alleged debt Plaintiffs are not obligated to, or are not able to discern the amount and character of the alleged debt.  Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, repossession agents, and debt collection against the Plaintiff.  Defendant SABADELL UNITED BANK, N.A.

negligently, wantonly, and/or intentionally hired, trained, retained, and/or supervised incompetent debt collectors in defendant SABADELL UNITED BANK, N.A. is therefore responsible and liable to the plaintiff for the wrongs committed against them, and the substantial damages suffered by Plaintiffs.

31.   Therefore Plaintiffs is entitle to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

**VII.                                     SIXTH CAUSE OF ACTION**

## VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT

32.   Paragraph 1 – 41 are re-alleged as though fully set out herein.

33.   All paragraphs of the Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34.   Plaintiff is "consumer" as defined in 15 USC§1692a(3).   Defendants "SABADELL UNITED BANK, N.A." are 'debt collectors" as defined in 15 USC§1692a(6).   Defendants were attempting to collect a debt for "household purposes" 15 USC§1692a(5).

35.   Plaintiffs served defendant and each of them were served notice with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC§1692g requires defendant to provide Plaintiffs with verification of the alleged debt once received.   15 USC§1692g(5)(b) requires defendant to cease all collections activity until the debt collector obtains verification of the alleged debt. Defendants and each of them has §failed to provide one scintilla of proof of their alleged debt.  However defendants continue to make attempts at collection of the alleged debt through erroneous credit reporting, and illegal acts of foreclosure.

36.   Defendants violated the FDPCA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violation include, but are not limited to the following:

a. Defendant violated 15USC§1692d of the FDCPA by engaging in conduct that natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

b. Defendant violated 15USC§1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

c. using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 USC§1692f;

d. Defendant violated the 15 USC§1692(e)(8) requires debt collectors to communicate to the disputed stats of a debt if the debt collector "knows or should know" that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when the knowledge is "acquired."

37.     Specifically defendant "DEBT COLLECTOR" knew it was not entitled to collected on the non-existent debt.

38.     Defendants were fully aware that each of them were/are unable to provide performance contract executed by Plaintiff, whereby Plaintiff are obligated to defendants.

39.     Therefore defendants are liable to Plaintiffs for damages to their consumer credit report which resulted in higher auto insurance premiums, higher interest rates, emotional, mental stress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to defendant's act.

Dated: December 17, 2013

Robert H O'Connor

**ROBERT H. O'CONNOR,** *Plaintiff*

# EXIHIBIT A



April 25, 2013

Robert O'Connor
330 Primrose Road
Burlingame, CA 94010

RE:   *Property Address: 3159 Baker Street, San Francisco, CA 94123*
      *Loan No.: 0023841240*

Dear Borrower:

We are in receipt of your letter dated March 5, 2013, received in our offices on March 26, 2013.

Your loan was formerly serviced by Virtual Bank, a division of Lydian Private Bank. On Friday, August 19, 2011, Lydian Private Bank, Palm Beach, FL, including its division Virtual Bank, was closed by the Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation (FDIC) was named Receiver. Some of the assets of Virtual Bank/Lydian Private Bank, including your loan, were acquired by Sabadell United Bank. Cenlar subserviced your loan on behalf of Virtual Bank and continues to subservice the loan on behalf of Sabadell United Bank.

Enclosed is a copy of the note you signed at closing. The original note is in the possession of Sabadell United Bank and cannot be released for viewing.

Also enclosed is a loan history showing the activity of your account and a copy of the notice of transfer of ownership that was provided to you.

Your loan has not been satisfied and is due for the January 2013 installment.

We do not agree with your assertion that failure to respond to this letter through a verified proof of claim within 30 days will be taken as an administrative default and a breach of contract. We will continue to service the loan in accordance with its terms.

If you have any questions, I can be reached at 866-677-8807.

Very truly yours,

Robert McNamara
Service Excellence Administrator

Enclosures

# EXIHIBIT B

# BUTLER, PHELPS, KAUFMAN

## **ASSOCIATES**

P.O. Box 91053
Henderson, NV  89009
888-250-6713 - Office
888-250-5074 - Fax

July 29, 2013

Robert O'Connor
**Acct. #0023841240**
3159 Baker St.
San Francisco, CA.  [92211]

Virtual Bank
**Attn: Foreclosure Department**
PO Box 77404
Ewing, NJ  08828

Re: Discrepancy/Pending Foreclosure

To Whom It May Concern:

The above-named homeowner(s) has hired us to assist them in resolving their discrepancy with the purported lender, who claims to be owed money by the homeowner for a loan number **0023841240,** for the purchase of their property located at **3159 Baker St., San Francisco, CA.** **[94123]**.

Please be advised that this letter is our **formal dispute in this matter as well as our formal request for the information requested**; which will provide us clarity on the purported loan with the original lender according to the deed of trust.

Please provide us with a copy of loan document(s), a copy of the cancelled check with our client endorsement, and bank stamp indicating that it was received, and cashed by our client, a copy of the wire transfer showing these funds being wired into our clients account at the time of the transaction, or any other documentation that you might have that would substantiate the claim that a loan was given, and received by our client.

You should know that as we have a third-party authorization (copy attached), you have no legal justification for failing to provide us with this information if it actually exist.

Please be advised that **your claim is now in dispute**, and we expect you to act in good faith, abiding by the Fair Debt Collection Practices Act and Fair Debt Credit Reporting act, by postponing, cancelling, and/or suspending any and all schedules sales on the property , as well as suspending any negative reporting to the credit bureaus until this discrepancy is resolved without recourse.

You should know that a copy of this document, and all other correspondence will be recorded in the county recorder's office where the property is located as a matter of record.

Furthermore we have yet to receive a response to our request for a QWR, which was sent to you on June 27, 2013. We are question the legality of your continuing with a foreclosure sale date if you have fail to respond to the discrepancies raised in the QWR.

Please ensure that all responses contain a name, title, contact phone, and fax number of a qualified point of contact, as our questions are specific in nature and we are aware that not just any customer service representative will be able to address any further concerns which might arise.

We expect your response to our request within twenty-one (21) days from the date of this letter.

If there is a pending sale date on this property we again expect you to act in good faith and abide by your legal obligation to advise the trustee, and any other pertinent party of this discrepancy, instructing them to immediately cease, and desist any foreclosure sale until further written notification.

Please be advised if you are the trustee, attorney or debt collector acting on behalf of the purported lender, and move forward with a sale regardless of your receipt of this notification, you will be held liable to the fullest extent of the law.

If for any reason you are unable or refused to provide us with the requested documentation please supply us with written correspondence explaining your denial of our request.

Thank you for your prompt attention, understanding, and cooperation regarding this matter.

Sincerely,

*Kimberly Johnson*

Butler, Phelps, Kaufman & Associates

EXIHIBIT C

# BUTLER, PHELPS, KAUFMAN

## **ASSOCIATES**

P O Box 91053
Henderson, NV 89009
888-250-6713 - Office
888-250-5074-Fax

December 12, 2013

Robert O'Connor
**Acct. #0023841240**
3159 Baker St.
San Francisco, CA. [92211]

Virtual Bank
**Attn: Foreclosure Department**
PO Box 77404
Ewing, NJ 08828

Re: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) –
WRONGFUL FORECLOSURE

It is my understanding that you are a debt collector, and are governed by the Fair Debt
Collection Practices Act, Fair Debt Reporting Act, and the Rosenthal Act, as you are not
a creditor, mortgagee, or the lender.

However you are required to comply with 15 USC 1692(e) § 807(5), 15 USC 1692(i) §
811(a), although in your letter you claim to have validated the purported/alleged debt.

This is our official request for you to validate the purported debt. Please supply me with
a notarized affidavit from the data entry clerk, or records keeper who is able to verified
the computerized entries, that may be supplied.

According to the Fair Debt Collection Practices Act (FDCPA) you are in violation of 15
USC 1692(e) § 807(5) which states

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a
of any debt. Without limiting the general application of foregoing, the following conduct is a violation of this section:

(5) The treat to take any action that cannot legally be taken or that is not intended to be taken

Please identify who you are, and how you have the authority to accept, receive, and process payments.

1 - You to validate that I have a contractual obligation that is a signed agreement between yourself, and me bearing my signature, and the signature of an authorized individual from your company

2 - That you are licensed to collect a debt in the state of California, and provide me with your license number

3 - Details on how the alleged debt was calculated, Provide the agreement between the creditor and your firm which authorizes you to collect (without a contract, your firm has no right to foreclose).

4 – Who are you working for or on whose behalf are your collecting

5 – Who is the actual owner of record of this note, and what is their name, address, and phone number.

We reserve the right to request additional information in the future.

If you continue foreclosure proceedings without validating of the alleged debt, you risk becoming a party to any lawsuit that may arise in the future.

Once I receive the requested information, I will require at least thirty (30) days to investigate this information. During such time, all collection activity must CEASE and DESIST.

If your offices have reported invalidated information to any of the three (3) major Credit Bureaus (Equifax, Experian, or TransUnion), this action might constitute fraud under both Federal and State Laws. If negative reporting is found on any of my credit reports by your company or the company that you claim to represent, I will bring legal action against you, pursuant to the **Fair Credit Reporting Act**.

Also during this VALIDATION period, if ANY action is taken which could be considered detrimental, including negative reporting to credit bureaus which could be inaccurate or invalid, I will pursue legal action.

If your offices fail to respond to this VALIDATION REQUEST within 30 days from the date of December 12, 2013, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

The Fair Debt Collection Practices Act, gives everyone who may have a loan certain consumer rights, whether or not the loan servicing has transferred. The FDCPA is intended for any DEBT COLLECTOR including MORTGAGES.

If a borrower sends a "VALIDATION OF DEBT" letter to the present loan servicer or someone claiming to be acting on their behalf, other alleged lender, or entity or company attempting to collect, all requested documentation must be provided to the borrower within 30 days of receipt of the request. During this 30 day period, the Lender or Servicer or Collector must suspend any and all collection activity (including FORECLOSURE OF THE PROPERTY) until the debt has been legally validated and VALIDATION has been received.

If any debt collector fails to comply with the "validation of debt notice" the borrower is entitled to an award of actual damages, statutory damages up to $1000 (per count), cost, and attorneys fees. 15 U.S.C. Sec. 1692k(a). Class action relief is also available. 15 U.S.C. Sec 1692k(a)(B).

Sincerely,

Kimberly Johnson

Client Advocate
Butler, Phelps, Kaufman & Associates

## CERTIFICATE OF SERVICE

I certify that a copy of this Summons and Complain will be served upon defendant(s) party listed below in compliance with FRCP Rule -4

**SABADELL UNITED BANK, N.A.**
**590 MIAMI LAKES DRIVE EAST**
**MIAMI LAKES, FL 33014**