UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. O'CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>SABADELL UNITED BANK, N.A.,<br><br>Defendant. | Case No. 14-cv-00180-JCS<br><br>**ORDER DENYING MOTION TO INTERVENE, MOTION TO EXPUNGE, AND MOTION TO AWARD ATTORNEYS' FEES**<br><br>**Dkt. No. 26** |

## I. INTRODUCTION

Plaintiff Robert H. O'Connor filed this action against Sabadell United Bank, N.A., alleging improper debt collection practices. During the pendency of the case, Mr. O'Connor recorded a Notice of Lis Pendens with respect to property located at 3159 Baker Street in San Francisco, California (the "Property"). (Dkt. 11.) Christiana Trust,[1] which purports to hold a beneficial interest in the Property and desires a non-judicial foreclosure, subsequently moved to intervene in the case, expunge the Notice of Lis Pendens, and recover its attorneys' fees. (Dkt. 26.) Mr. O'Connor has not filed an opposition to Christiana Trust's motions, but has since filed a Notice of Voluntary Dismissal. (Dkt. 36.) The Court finds the motions suitable for determination without oral argument, and **vacates the hearing scheduled for August 15, 2014**. *See* Civil L.R. 7-1(b). In light of Mr. O'Connor's voluntary dismissal, and for the reasons explained below, Christiana Trust's motions are DENIED.

---

[1] A division of Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust, Series 2013-23.

## II. VOLUNTARY DISMISSAL

The Federal Rules of Civil Procedure allow a plaintiff to voluntarily dismiss his or her claims without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). This "absolute right" of the plaintiff "may not be extinguished or circumscribed by adversary or court." *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077–78 (9th Cir. 1999) (citations omitted). The dismissal "is effective on filing, no court order is required, [and] the parties are left as though no action had been brought." *Id.* at 1078. Courts may, however, "consider collateral issues after an action is no longer pending," including after a voluntary dismissal. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

Mr. O'Connor filed his Notice of Voluntary Dismissal before any party filed an answer or motion for summary judgment. That notice therefore dismissed the action without need for a court order, but the Court retains jurisdiction to resolve collateral issues raised by Christiana Trust's motions. *See id.*

## III. INTERVENTION AND LIS PENDENS

A party asserting a real property claim may record a notice of lis pendens, "thereby giving constructive notice of the pendency of litigation affecting the property described in the notice." *Castro v. Superior Court*, 116 Cal. App. 4th 1010, 1015 n.6 (2004). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer *until the litigation is resolved* or the lis pendens is expunged." *BGJ Assocs. v. Superior Court*, 75 Cal. App. 4th 952, 967 (1999) (emphasis added). A notice of lis pendens "lack[s] materiality once the underlying action [is] dismissed." *In re Estate of Collins*, 205 Cal. App. 4th 1238, 1255 (2012).

Because Mr. O'Connor's Notice of Voluntary Dismissal served to dismiss this action, his lis pendens is no longer material and no longer inhibits Christiana Trust's intended foreclosure of the property. *See id.* Christiana Trust thus has no remaining interest in intervention; there is in fact no longer any pending action in which to intervene. Christiana Trust's Motion to Intervene and Motion to Expunge are therefore DENIED as moot.

### IV. ATTORNEYS' FEES

California law provides that "the party prevailing" on a motion to expunge a lis pendens "shall . . . be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with reasonable justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Civ. Proc. Code § 405.38. A court's failure to reach the merits of a motion for expungement is not dispositive as to whether the movant is a "prevailing" party eligible for attorneys' fees. *See Castro*, 116 Cal. App. 4th at 1025 ("[W]hen a lis pendens is withdrawn while a motion to expunge is pending, the moving party is not automatically entitled to attorney fees, nor automatically denied attorney fees, under section 405.38.").

The Court need not reach the issue of whether Christiana Trust "prevailed" for the purposes of section 405.38 because other circumstances would render the imposition of attorneys' fees unjust. Mr. O'Connor has spared Christiana Trust additional expense and inconvenience by refraining from opposing the instant motions and instead voluntarily dismissing his claims. Further, Mr. O'Connor faces an impending foreclosure and likely other financial difficulties. *Cf. Bergman v. Bank of Am.*, No. C-13-00741 JCS, 2013 WL 5863057 at *34 (N.D. Cal. Oct. 23, 2013). Christiana Trust's motion for attorneys' fees is therefore DENIED.

### V. CONCLUSION

For the foregoing reasons, Christiana Trust's Motion to Intervene, Motion to Expunge, and Motion to Award Attorneys' Fees are DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2014

JOSEPH C. SPERO
United States Magistrate Judge

3